**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| BMG MUSIC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 05-1316 |
| | ) |
| GENE NELSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Magistrate Judge Byron G. Cudmore's Report and Recommendation ("R & R") [Doc. #5], recommending that Plaintiffs' Complaint [Doc. #3] be dismissed for want of prosecution. For the reasons that follow, the Court will adopt Magistrate Judge Cudmore's R & R.

**I.
BACKGROUND**

Plaintiffs filed the instant Complaint on November 7, 2005, but failed to take the necessary steps to perfect service on Defendant within the 120 day time period prescribed by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(m). As a result, Magistrate Judge Cudmore entered a TEXT ORDER on March 13, 2006, directing Plaintiffs to file a status report by March 27, 2006, and to show cause why this case should not be dismissed for want of prosecution. After failing to comply with this Court's March 13, 2006 TEXT ORDER, Magistrate Judge Cudmore

entered the instant R & R on April 6, 2006, recommending that Plaintiffs' Complaint be dismissed for want of prosecution. On April 21, 2006, Plaintiffs then filed with this Court the executed summons which had finally been served on Defendant on April 14, 2006.

## II.
## LEGAL STANDARD

Within ten (10) days after being served with a copy of the R & R, any party to the action may serve and file written objections to the magistrate judge's proposed findings and recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). However, as the Seventh Circuit has pointed out, Rule 72(b) contemplates "written, **specific** objections" to the report and recommendation. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (emphasis added). Therefore, a district court reviews *de novo* only "those portions of the magistrate judge's [proposed findings and recommendations] to which specific written objection is made." Id. If no specific written objections are made, the district court reviews the magistrate judge's proposed findings and recommendations for clear error. Id. As a result, failure to timely object in the district court constitutes a waiver of any objection on appeal. See id.; Video Views Inc. v. Studio 21 Ltd., 797 F.2d 538 (7th Cir. 1986).

2

## III.
## ANALYSIS

Not only did Plaintiffs fail to serve Defendant within 120 days of filing the Complaint as mandated by Rule 4(m) of the Federal Rules of Civil Procedure, they also failed to comply with this Court's TEXT ORDER of March 13, 2006, directing them to file a status report by March 27, 2006, and to show cause why this case should not be dismissed for want of prosecution. Furthermore, the executed summons [Doc. #6], which was finally filed by Plaintiffs with this Court on April 21, 2006, does not in any way constitute "written, specific objections" to the R & R as contemplated by Rule 72(b) of the Federal Rules of Civil Procedure. See Johnson, 170 F.3d at 739. Therefore, this Court will only review Magistrate Judge Cudmore's R & R for clear error.

However, it cannot be said that Magistrate Judge Cudmore clearly erred in recommending that Plaintiffs' Complaint be dismissed for want of prosecution based on the foregoing information. As a result, this Court will adopt Magistrate Judge Cudmore's R & R, and dismiss Plaintiffs' Complaint for want of prosecution and failure to follow this Court's orders.

IT IS THEREFORE ORDERED that Plaintiffs' Complaint [Doc. #3] be dismissed for want of prosecution and failure to follow this Court's TEXT ORDER of March 13, 2006, directing Plaintiffs

to file a status report by March 27, 2006, and to show cause why this case should not be dismissed.

    ENTERED this  24th  day of April, 2006.


                                                           /s/ Joe B. McDade
                                                           Joe Billy McDade
                                          United States District Judge